UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB
    Plaintiff,                                                                  **Case No.:**

v.

ROBERT WILKIE, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, Noris Babb complains of Defendant, Robert Wilkie as Acting Secretary of the Department of Veterans Affairs as follows:

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, including 42 U.S.C. 2000e-16 and the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626).

2. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended including having exhausted their administrative remedies.

3. C.W. Bill Young VA Healthcare System (Young VAHCS), formerly known as Bay Pines VA Health Care System, is a Veterans Administration (VA) hospital and medical center with related services.

4. It is broken down into various services. At the times of events in this case Dr. Mike Tyler (Tyler) is a Clinical Pharmacist at Young VAHCS. Now, he is the Plaintiff's first-line supervisor. At all times material to this complaint, Dr. Marjorie Howard (Howard) was the Plaintiff's direct supervisor. Gary Wilson (Wilson) is the Chief of Pharmacy, Dr. Keri Justice

(Justice) was Assistant Chief of Pharmacy, and Dr. Camaro West-Lee (West-Lee) was Assistant Chief of Pharmacy. Carolyn Combs was plaintiff's first line supervisor at the material times relating to the events in this complaint. Each of the employees of the VA as described herein were employed by the Defendant and were acting within the course and scope of his or her employment with the Defendant at the time of the conduct described herein.  Each of the employees was there during the relevant times of this complaint.

5. Donna Trask (Trask) and Anita Truitt (Truitt) were fellow employees of Noris Babb, and like the Plaintiff are GS-12 Clinical Pharmacists at Young VAHCS and worked in the same Clinical Pharmacy at Young VAHCS during the relevant times of Babb's complaint.  Both Trask and Truitt had filed administrative complaints and federal lawsuits against Young VAHCS on the grounds of sex, age, reprisal, and hostile work environment.  Babb was named as a Trask and Truitt witness in the EEO administrative process, and she gave testimony during those administrative proceedings and the Federal lawsuit in behalf of Trask and Truitt.  Babb gave specific testimony as to Wilson's and Justice's actions in those cases, as well as other information supportive of Trask and Truitt. Wilson and Justice as well as other management of the Defendant became aware of her testimony. As a result of Babb's testimony, shortly thereafter, the Defendant began to commit acts of reprisal against her because she gave that testimony in behalf of the EEO claims of Trask and Truitt.

6. The Plaintiff, Babb, is a female over the age of forty who was a GS-12/10 Clinical Pharmacist at Young VAHCS.  Plaintiff had been employed at Young VAHCS since 2006. Plaintiff has held this position for eight (8) years.

7.     Babb filed an informal EEO complaint on March 22, 2016. Babb filed her formal complaint on April 27, 2016.  More than 360 days have passed since the informal filing date, thus satisfying the jurisdictional requirements.

## GENERAL ALLEGATIONS

### Reprisal

8.     The plaintiff had Discovery, including depositions, conducted in Federal Court Case No.: 8:14-cv-1732-T-33TBM, alleging violation of Title VII.

9.     The parties stipulated through admissions that the plaintiff was seeking official time or authorized absence (AA) leave to attend depositions in her Federal Court case.

10.    The Agency denied her AA to attend these depositions causing her to have to take annual leave.

11.    There is no evidence substantiating that the Agency denial of the plaintiff's request complied with existing leave and Agency policies.

12.    Statements and testimony provided by Carolyn Combs, Gary Wilson and Regional Counsel Tanya Burton establish both Mr. Wilson and Ms. Burton were aware of the Plaintiff's EEO activity. Wilson testified that Regional Counsel told him that Annual Leave had to be taken.

13.    Ms. Burton admitted that she relied on rules (MD110) which applies exclusively to EEO Administrative Complaints, to deny the request because the request was for a proceeding in Federal Court.

14.    There have been numerous cases filed in Federal Court where complainants/plaintiffs have received official time (AA) when they attended depositions or hearings or trials in Federal Court. Among the cases in which this happened are: Trimble v. Dept. of Veterans Affairs, 8:13-cv-0548-T-35TBM; Anderson v. Dept. of Veterans Affairs, 8:ll-cv-

1507-T-17TGW; Cote, et al. v. Dept. of Veterans Affairs, 8:07-cv-01524-T-30 TBM; Gainers v. Dept. of Veterans Affairs, 8:10-cv-0215-VMC-TGW; Patrick v. Dept. of Veterans Affairs, 8:11-cv-00466-RAL-AEP; and Tonkyro, et al. v. Dept. of Veterans Affairs, 8:16-cv-2419-T-36AEP.

15. Ms. Burton knows that AA has been given in Federal Court proceedings because she was involved in several of these cases.

16. Wilson admitted that all Agency witnesses took AA. Officials that act in a representative capacity, would also be given official time in relation to any aspect of the Plaintiff's complaint in Federal Court. However, the Agency denied the Plaintiff those rights.

17. There is no VA policy or practice supporting the Agencies actions in this case.

18. In the administrative process the Agency could not provide a Fed. R. Civ. Pro 30(b)(6) witness to support its position.

19. The Agency had no legitimate reason to deny AA. Despite many years of Title VII cases in Federal Court the Agency could not find any official support for its denial of AA or official time to a Title VII plaintiff to attend depositions. It admitted it had no evidence substantiating that its denial of Plaintiff's AA request complied with existing leave or Agency policies. If allowed on this record, the Agency's behavior would up lead a torrent of retaliatory action. It is a violation of Title VII under *McDonnell Douglas* and a "but-for" analysis, as well as an improper factor under the *Babb v. Wilkie* standard in a case where the Agency cannot support the same decision defense.

## Count I
**(Retaliation)**

20. Plaintiff, Noris Babb sues Robert Wilkie as Secretary of the Department of Veterans Affairs, for retaliation under Title VII.

21. Plaintiff incorporates and re-alleges paragraphs 1 through 19.

4

22.     Plaintiff engaged in EEO activity which is protected under Title VII that included good faith opposition to unlawful discrimination as well as her participation in her own EEO case.

23.     The Defendant was aware of the Plaintiff's protected EEO activities.

24.     The Plaintiff was repeatedly denied promotions which would have included increases in pay and benefits and advancement and when she sought to address those wrongs she was denied AA and lost annual leave on 3 days.

25.     The aforesaid adverse employment actions, other adverse actions, misconduct, and other conduct, acts and omissions to the Plaintiff's detriment, were all taken (or failed to be taken) by administrators and managing and supervisory personnel with the Haley VAHCS in retaliation for the protected or EEO activity of the Plaintiff including those set forth above.  In the alternative they were a factor motivated by her EEO activity.  They are the direct and proximate result of the EEO activity.

26.     The Defendant, through the supervisors of the Plaintiff, has engaged in, directed, and/or ratified retaliatory conduct, and has frustrated the Plaintiff's efforts to obtain relief and intentionally maintained these retaliatory and unlawful practices to the detriment of its employees. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff and failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

27.     The Defendant, through acceptance of such conduct in this case and others, has fostered an attitude among administrators, managers and supervisors at the Haley VAHCS that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice.

28. As a result of the foregoing, Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; payment of attorneys' fees and legal costs; and emotional distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

29. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Noris Babb hereby demands a trial by jury on all issues so triable.

Dated:  December 1, 2020

Respectfully submitted,

*/s/ Joseph D. Magri*
Joseph D. Magri
Florida Bar No.: 0814490
Merkle & Magri, P.A.
5601 Mariner St., Suite 400
Tampa, FL 33609
Fax.: (813) 281-2223
Email: jmagri@merklemagri.com