UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

        Plaintiff,

v.

ROBERT L. WILKIE,
SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,

        Defendant.

Case No. 8:20-cv-2825-T-35CPT

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the Secretary, Department of Veterans Affairs (the "Agency" or "VA"), through the undersigned Assistant United States Attorney, submits the following Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial (the "Complaint" [ECF No. 1]).

1. Paragraph 1 contains jurisdictional allegations to which no response is required. To the extent a response is required, the allegations are denied.

2. Paragraph 2 contains a legal conclusion to which no response is required.

3. Admitted.

4. Defendant admits that the Young VAHCS is broken down into various services. Defendant admits that Dr. Mike Tyler was a Clinical Pharmacist at the Young VAHCS, but denies that he is Plaintiff's supervisor. Defendant denies the

1

fourth sentence of Paragraph 4. Defendant admits Dr. Wilson is the Chief of Pharmacy and that Dr. Justice and Dr. West-Lee were Assistant Chiefs at the relevant times. Defendants admits that Dr. Combs was Plaintiff's supervisor at the material times relating to the events of the Complaint. Defendant admits the seventh and eighth sentences of Paragraph 4.

5. With regard to the first sentence of Paragraph 5, Defendant admits that Trask and Truitt were GS-12 Clinical Pharmacists at Young VAHCS in the Pharmacy Service during the relevant times of Plaintiff's Complaint. To the extent a further response is required, Defendant denies the remaining allegations of the first sentence of Paragraph 5. Defendant admits the second sentence of Paragraph 5. With regard to the third sentence of Paragraph 5, Defendant denies that Babb gave testimony during the administrative proceeding, but otherwise admits the allegations. As to the fourth sentence of Paragraph 5, Defendant denies that Plaintiff's characterization of the testimony fully and accurately set forth the contents thereof, which speak for themselves. For the fifth sentence, Defendant denies that management was aware of any EEO participation activity until Plaintiff filed her EEO claim in May 2013. Defendant denies the allegations of the final sentence of Paragraph 5.

6. Defendant admits that Plaintiff is a female over forty years of age and that she was previously a GS-12, Step 10 Clinical Pharmacist at the Young VAHCS. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant admits Plaintiff initially contacted an EEO counselor on March 22, 2016 and filed her formal complaint on or about April 25, 2016. The remaining allegations contain a legal conclusion to which no response is required.

8. Admitted.

9. Defendant denies the parties stipulated as alleged, but Defendant admits that Plaintiff was seeking authorized absence (AA) leave to attend depositions of management officials in her case in District Court.

10. Defendant admits that the Agency denied Plaintiff AA to attend depositions and that the Agency approved Plaintiff's request for Annual Leave (AL). To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 10.

11. Denied.

12. Defendant admits that at the time Dr. Wilson and Ms. Burton were aware of Plaintiff's federal court case. Defendant denies that Plaintiff's characterization of statements and testimony fully and accurately set forth the contents thereof, which speak for themselves. Defendant further admits that Dr. Wilson told Dr. Combs that he received guidance from legal counsel and that the proper leave to utilize to attend the depositions was Annual Leave. To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 12.

13. Defendant admits that Plaintiff relied on MD 110 to argue that she should have AA in connection with the District Court proceedings, even though it

applies exclusively to administrative proceedings. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations of the first sentence of Paragraph 14, and therefore denies them. With regard to the second sentence of Paragraph 14, Defendant admits on information and belief that the plaintiffs in *Tonkyro* may have received AA, but is without sufficient information to admit or deny the remaining allegations and therefore denies them.

15. Denied.

16. With regard to the first sentence of Paragraph 16, Defendant denies that Plaintiff's characterization of statements and testimony fully and accurately set forth the contents thereof, which speak for themselves. Defendant denies the remaining allegations of Paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Paragraph 20 is Plaintiff's characterization of the Complaint to which no response is required.

21. Defendant incorporates by reference its responses to Paragraphs 1 through 19.

22. Defendant admits Plaintiff engaged in protected EEO activity. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 because the allegations do not include when Plaintiff is alleging Defendant was aware of Plaintiff's protected EEO activities or identify the EEO activities referred to and therefore denies the allegations of Paragraph 23.

24. Defendant admits that Plaintiff twice applied unsuccessfully for positions that would have resulted in a promotion to a GS-13, before applying a third time and obtaining a position leading to a promotion. Defendant admits Plaintiff was denied AA, and she was approved for AL for three days. To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Paragraph 29 is a legal conclusion to which no response is required.

## DEMAND FOR JURY TRIAL

This paragraph contains Plaintiff's request for a jury trial and requires no response by Defendant.

## General Denial

Defendant hereby specifically denies each and every allegation contained in the Complaint not expressly admitted herein.

### First Affirmative Defense

For any acts of discrimination and/or retaliation not brought to the attention of an EEO counselor within 45 days, those acts are time barred.

### Second Affirmative Defense

The actions of the Defendant were based upon legitimate and non-retaliatory reasons.

### Third Affirmative Defense

The Plaintiff's claims are barred insofar as the Plaintiff failed to administratively exhaust her claims.

### Fourth Affirmative Defense

The Affirmative Defenses that have been asserted heretofore in this Answer are not exhaustive, and the Defendant hereby expressly reserves the right to amend this Answer to bring additional defenses over the course of this action, as the facts and evidence may warrant.

### PRAYER FOR RELIEF

Defendant requests judgment in favor of Defendant and against Plaintiff, and such other and further relief as the Court finds just and proper.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Michael R. Kenneth*
MICHAEL R. KENNETH
Assistant United States Attorney
Florida Bar No. 44341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:   813-274-6000
Facsimile:    813-274-6198
E-Mail:  michael.kenneth@usdoj.gov