UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

              Plaintiff,

v.

                                       Case No. 8:20-cv-2825-MSS-CPT

DENIS MCDONOUGH,
SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,

              Defendant.

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Denis McDonough, Secretary of the Department of Veterans Affairs, moves for

summary judgment under Fed. R. Civ. P. 56 because there is no issue of material fact

and Defendant is entitled to judgment as a matter of law.

## **INTRODUCTION**

      Plaintiff Noris Babb was a pharmacist for the Department of Veterans Affairs

at Bay Pines ("Bay Pines VA").  She previously engaged in protected activity on behalf

of colleagues who were pursuing EEO claims against the VA.  After she was allegedly

retaliated against for that protected activity, she filed her own EEO action against the

VA.  It has been pending before this court since 2014.  *See* Case No. 8:14-cv-01732-

VMC-TBM.  During discovery in that case, Plaintiff requested authorized absence

("AA"), or paid official time, to attend depositions that her counsel was taking.  At the time, Plaintiff did not know whether she was required to attend or not.

Plaintiff's first-line supervisor Dr. Carolyn Combs was unsure of the procedure, so she asked her supervisor Pharmacy Chief Dr. Gary Wilson.  Dr Wilson had never been asked before and consulted VA counsel at Bay Pines Tanya "T.B." Burton.  Ms. Burton did not know the answer, but sought counsel from Deborah McCallum, Senior EEO Attorney Advisor. *See* Ex. A at 32:25-33:14.  Ms. McCallum advised that Plaintiff was not entitled to AA.  Ex. B. at 12:6-13:5, 24-25-25:25.  Relying on the lack of authority for AA in these circumstances, Ms. McCallum told Ms. Burton that EEO plaintiffs in federal court must use Annual Leave to observe depositions.

Plaintiff alleges that she was denied AA in retaliation for her EEO activity.  She filed this federal action to recover 24 hours of paid leave she claims that she was denied and emotional distress from the denial.  Plaintiff can provide no evidence that the decision to deny Plaintiff AA was retaliation.  Instead, she cites instances in which other EEO plaintiffs (who necessarily also engaged in EEO activity) were given AA to attend depositions.  However, unlike the administrative phase of the EEO process, there is no regulation or policy that grants AA to plaintiffs to observe depositions in their federal EEO actions.

Furthermore, a review of the records from other federal cases in Florida over a five-year period supports that there was no consistency – some plaintiffs were granted AA to observe depositions, some used AL, and some did not use either.  This is not surprising, given that leave decisions are made by first-line supervisors.  The plaintiffs

whose records were reviewed worked in different roles at different VA facilities across the state over a five-year period.

It is natural to expect that some supervisors may assume that the administrative-level rules apply (if they even understand the difference), or, when faced with leave requests for EEO activity, might just grant leave rather than seek clarification about VA policies, if any, to not risk an EEO complaint being raised against them. While there was a written policy as to AA generally at the Bay Pines VA, its procedures were not consistently followed for AA leave to attend EEO depositions in federal civil actions. What is consistent is that when supervisors sought legal advice from the VA on that issue, they were all told the same thing—EEO plaintiffs in federal court must use annual leave to observe depositions. No evidence exists that Plaintiff's EEO activity was a but-for cause of any differential treatment, such as the denial of her AA request. Therefore, the Defendant asks the Court to enter summary judgment in its favor.

## STATEMENT OF UNDISPUTED FACTS

### Background

1. Plaintiff Noris D. Babb was employed as a Pharmacist by the Department of Veterans Affairs at Bay Pines. Complaint of Employment Discrimination. Ex. C.

2. In EEO proceedings between 2012 and 2014, Plaintiff presented statements or gave testimony to support discrimination allegations made by VA employees Drs. Anita Truitt and Donna Trask. Ex. D at 000095.

3.  Plaintiff also filed her own EEO action alleging, among other things, that she was retaliated against for that protected activity.  She filed a complaint in federal court in 2014 and that case is still pending.  *See* Case No. 8:14-cv-01732-VMC-TBM.

4.  During discovery in that case, Plaintiff gave a deposition and received AA.  Ex. E.

5.  On February 3, 2016, Plaintiff emailed Carolyn Combs to request leave for February 16, 18, and 19 to attend other witnesses' depositions.  Ex. F.

6.  Dr. Combs replied that she was waiting for guidance on what type of leave could be granted.  Dr. Combs asked Plaintiff whether she was required to attend the depositions.  Plaintiff was unsure.  Ex. F.

7.  Dr. Combs was the clinical pharmacy supervisor at the time.  Ex. G at 4:16-5:7.

8.  Dr. Combs first became a supervisor in June 2015, less than a year before Plaintiff's request.  *Id.* at 8:4-8.

9.  Dr. Combs had been trained on time and leave but did not recall any specific training, handbook, or other procedure about the type of leave for depositions.  *Id.* at 8:12-21.

10. Plaintiff's request was the only one Dr. Combs had ever received for leave related to EEO activity.  *Id.* at 12:20-24.

11. Dr. Combs emailed Associate Pharmacy Chief Keri Justice and Pharmacy Chief Gary Wilson to ask if they could ask regional counsel Tanya "T.B." Burton what type of leave should be used for depositions.  Ex. H.

12. Dr. Wilson had never received a request from a supervisor like the one he received from Dr. Combs, so he asked for advice from regional counsel.  Ex. I at 23:6-12.

13. Dr. Wilson testified that he was the one who contacted regional counsel with that question in response to Dr. Combs's email.  *Id.* at 5:20-6:15.

14. Ms. Burton has been a staff attorney at the Office of General Counsel for the Bay Pines VA Health Care System since 2007.  Ex. A at 7:3-21.

15. Ms. Burton recalled speaking with a woman, whom she believed to be Dr. Combs, about the issue, not Dr. Wilson.  *Id.* at 38:18-39:8.

16. Ms. Burton did not know the answer.  *Id.* at 33:5-15.

17. In any event, Ms. Burton contacted Deborah McCallum.  Ex. H.

18. Ms. Burton did not seek advice from HR, the pharmacy service or any service chief.  Ex. A. at 33:14-22.

19. Ms. Burton testified that the first time Ms. Burton was asked about the type of leave plaintiffs could take to attend federal court depositions was in this case.  *Id.* at 33:5-11; 52:19-53:6.

20. Ms. McCallum is the Senior EEO Attorney Advisor for both the Office of General Counsel and the Secretary for the Department of Veterans Affairs in Washington, DC.  She has held that position for about seven years.  Ex. B at 4:11-17.

21. Ms. McCallum's role is to provide legal guidance and advice to Agency officials and the Secretary on EEO matters and to conduct EEO training.  *Id.* at 5:17-6:7.

22. Ms. McCallum's phone conversation with Ms. Burton was not more than 5 minutes.  Ms. Burton did not give the employee's name.  *Id.* at 12:18-13:5.

23. Various people have called Ms. McCallum with this question over 30 years and her answer has always been the same.  *Id.* at 11:13-12:2. The advice she gave based on

her prior research and personal knowledge is that there is no authorization for AA in these circumstances.  *Id.* at 7:16-10:7.

24. Ms. McCallum was not aware of what had happened in similar instances at Bay Pines before her call with Ms. Burton.  Ms. McCallum first became aware of others having been granted AA previously when she read Plaintiff's Complaint in this case.  *Id.* at 21:12-22:3.

25. However, even if Ms. Burton had been aware of prior instances of individuals receiving AA and had informed Ms. McCallum about those instances, Ms. McCallum would have given the exact same advice.  Ex. J.

26. Ms. Burton relayed the legal advice she had received from Ms. McCallum.  Ex. A at 61:5-24.

27. On February 5, 2016, Dr. Wilson responded to Dr. Combs's email and said that per regional counsel, the type of leave to be submitted was annual leave not AA. Ex. I at 19:18-20:2; Ex. H.

28. On February 5, 2016, Dr. Combs replied to Plaintiff saying she had received guidance from the VA and the type of leave to use for February 16, 18, and 19 was annual leave.  Dr. Combs told Plaintiff if she entered the leave requests, then Dr. Combs would approve them.  Ex. K.

29. Plaintiff entered the leave requests for annual leave.  *Id.*

### Authorized absences granted or denied others

30. At the administrative stage, Plaintiff identified several employees (Robert Stewart, Marjorie Howard, Keri Justice, Gary Wilson, and Camaro West-Lee) who were

6

allowed to attend depositions without having to use annual leave. Ex. L at 000101; Ex. M at 000121.

31. Plaintiff later admitted that these employees were the deponents and were legally obligated to attend and were granted AA.  Ex. M at 000121; Ex. N.  They, like Dr. Babb, received AA to attend their own depositions, not those of other witnesses.

32. After filing her federal complaint, Plaintiff sought discovery regarding other plaintiffs involved in federal litigation in particular.  Many federal court plaintiffs did not receive AA to attend depositions, but, unless noted here, there is no evidence showing that any of those plaintiffs whose records were reviewed requested it.[1]

33. Ms. Burton is physically located at the Bay Pines VA.  Ex. A. at 23:9-18.

34. Ms. Burton has been assigned EEO cases from Bay Pines, Gainesville, Tampa, and Orlando.  *Id.* at 14:2-11.

35. The only matters on which Ms. Burton has worked that have gone to federal court have been from Bay Pines and have gone to federal court in Tampa.  *Id.* at 16:3-9; 15:19; 28:22-29:6.

36. Two of the four Plaintiffs in *Cote, et al. v. Peake* received AA to attend depositions taken by their counsel.  Ex. O at ¶ 4.

---

[1] For example, the plaintiffs in *Atkinson v. Sec'y*, No. 8:10-cv-1482-35TBM, do not appear to have attended any depositions in that case besides their own, but the Defendant has no reason to believe they made requests that were denied.

37. Ms. Burton was not agency counsel on the *Cote, et al. v. Peake* case. Ex. A at 17:13-16; Ex. Q at ¶ 1.

38. Pamela Trimble, the plaintiff in *Trimble v. Shinseki*, 8:13-cv-0548-T-35TBM was given AA to attend depositions during the federal court proceedings. Ex. O at ¶ 4; Ex. P.

39. Ms. Burton was agency counsel for Ms. Trimble's case. Ex. A at 20:6-24.

40. Ms. Burton does not recall being aware of Ms. Trimble's leave status when she appeared at depositions. Ex. Q at ¶ 4.

41. Roula Baroudi, the plaintiff in 8:11-cv-2587 and 8:14-cv-1099, was granted AA to attend depositions taken by her counsel. Ex. R.

42. Ms. Burton believes she was agency counsel on both of Ms. Baroudi's cases. Ex. Q at ¶ 2.

43. Ms. Burton does not recall being aware of Ms. Baroudi's leave status when she appeared at depositions. Ex. Q at ¶ 2.

44. Mary Mells, the plaintiff in *Mells v. Shinseki,* 8:13-cv-3214, was granted AA to attend depositions taken by her counsel. Ex. S.

45. Ms. Burton was agency counsel for Ms. Mells's case. Ex. A at 20:6-12.

46. Ms. Burton does not recall being aware of Ms. Mells's leave status when she appeared at depositions. Ex. Q at ¶ 5.

47. Kristine Body, the plaintiff in 8:13-cv-1215-VMC-TGW, was granted AA to attend depositions taken by her counsel. Ex. T.

48. Ms. Burton was agency counsel on Ms. Body's case. Ex. Q at ¶ 3.

49. Ms. Burton does not recall being aware of Ms. Body's leave status when she appeared at depositions.  Ex. Q at ¶ 3.

50. Between June 20 and July 3, 2014, Dr. Donna Trask and Dr. Anita Truitt, the plaintiffs in 8:13-cv-00536-MSS-TBM, received AA to attend 7 days of depositions being taken by their counsel Mr. Magri. Ex. U.

51. Ms. Burton was assigned to Dr. Trask and Dr. Truitt's case.  Ex. A at 17:19-24.

52. Ms. Burton was not aware of whether they received AA to attend depositions.  Ex. A at 55:12-15.

53. Dr. Wilson testified that he believed he was aware during Dr. Trask and Dr. Truitt's case that they had received AA numerous times to attend depositions.  Ex. I at 11:17-12:19. Dr. Wilson was not involved in the decisions to grant or deny Drs. Trask and Truitt AA.  *Id.* at 11:6-15; 25:13-17.  He was not their first-line supervisor. *Id.* at 19:7-16; 24:5-15.

54. In February 2015, Drs. Trask and Truitt requested AA to attend a deposition the court permitted after the close of discovery for a witness about to be deployed to Afghanistan.  Upon the advice of VA counsel, both Dr. Trask and Dr. Truitt were denied AA for that day and used annual leave instead.  Ex. U at VA-0652, 0664; Dkt. 50-1 at 13-16.

55. Neither Dr. Trask nor Dr. Truitt raised a retaliation claim related to the denial of AA, so no investigation took place at that time.  Dr. Wilson was not contacted regarding Dr. Trask and Dr. Truitt's requests for AA to attend depositions.  Ex. I at 11:1-15.  Dr. Wilson was not involved in the leave decisions regarding Dr. Trask

and Dr. Truitt but recently became aware that they had been denied AA to attend a deposition to preserve testimony for a trial. *Id.* at 13:14-14:1.

56. After the instant case was filed, Rosa Sly, the plaintiff in *Sly v. Wilkie*, 8:17-cv-1868, was denied AA to attend depositions. Ex. V.

### Plaintiff's EEO Complaint

57. On March 22, 2016, Plaintiff contacted an EEO counselor. Ex. W.

58. On April 27, 2016, Plaintiff filed a formal complaint of discrimination. Ex. X.

### Other EEO Plaintiffs in Florida federal court cases

59. Terrill Byrd, a plaintiff in the Northern District of Florida, took AA over four days in 2015 to observe depositions. Compare Ex. Z (time and leave records) with Ex. AA (deposition cover sheets).

60. Karen Johnson, a plaintiff in the Northern District of Florida, took AA over three days in 2017 for "meeting with attorney/depositions." Ex. BB.

61. Matthew Dewein, a plaintiff in the Northern District, took AL over three days in 2017 to attend depositions. Compare Ex. CC (time and leave records) with Ex. DD (deposition cover sheets).

62. Leonard Briscoe, a plaintiff in the Middle District in Orlando, had AA that was converted to AL for one day in 2017. Compare Ex. EE (time and leave records) with Ex. FF (deposition cover sheets). His time and leave records note "AL was to be used. Not AA. Supervisor advised." Ex. EE at 2.

63. Renee Momon-Ugwu, a plaintiff in the Southern District of Florida, took AL for her own deposition in 2013. Compare Ex. GG (time and leave records) with Ex. HH (deposition cover sheet for own deposition).

64. Eyvette Hutchinson, a plaintiff in the Middle District in Orlando, took AL on day of her own deposition.  Compare Ex. II (time and leave records) with Ex. JJ (cover sheet for her own deposition).

**LEGAL ARGUMENT**

Plaintiff brings a retaliation claim under Title VII.

**Legal Standard**

In *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), the United States Supreme Court addressed the causation standard in federal sector cases brought under the ADEA, 29 U.S.C. 633a(a), which provides that "personnel actions" affecting individuals over 40 years of age "shall be made free from any discrimination based on age."  The Supreme Court held that the plain meaning of "made free from any discrimination based on age" reached beyond an ultimate employment decision, and "demands that personnel actions be untainted by any consideration of age."  140 S. Ct. at 1171.  As long as age discrimination "plays any part in the way a decision is made," the decision violates the ADEA.  *Id.* at 1174.

Significantly, the phrase "free from any" does not articulate the causation standard.  Instead, while the Supreme Court interpreted the phrase "free from" to mean "untainted," *id.* at 1173, it nonetheless stressed that "based on age" means but-for causation.  The Supreme Court agreed with the United States' argument that the

11

ADEA "requires but-for causation," but rejected its position that the consideration of age must affect the ultimate decision. *Id.* at 1174. The Supreme Court explained that "[w]hat follows instead is that, under § 633a(a) age must be the but-for cause of the *differential treatment*, not that age must be a but-for cause of *the ultimate decision.*" *Id.* (emphasis in original). The Supreme Court reiterated: "Section 633a(a) requires proof of but-for causation, but the object of the causation is 'discrimination,' i.e., differential treatment, not the personnel action itself." *Id.* at 1176. As such, under *Babb*, a plaintiff can establish liability by proving age was a "but-for" cause of differential treatment that played a part in the ultimate personnel decision even if age was not a but-for cause of the final decision.

After remand, the Eleventh Circuit, on a petition for rehearing, addressed the causation standard in a Title VII retaliation claim under 42 U.S.C. § 2000e-16(a), the federal sector provision of Title VII. *Babb v. Wilkie*, 992 F.3d 1193 (11th Cir. 2021). That statute provides "[a]ll personnel actions affecting employees or applications for employment … shall be made free from any discrimination based on race, color, religion, sex, or national origin." Given the similarity between this language and § 633a(a), the Circuit held that the Supreme Court's ADEA causation analysis also applies to federal sector retaliation claims under § 2000e-16(a). "So long as the protected characteristic is 'the but-for cause of *differential treatment*,' then it doesn't matter (for purposes of liability) that the protected characteristic isn't a 'but-for cause of *the ultimate decision.*" *Babb v. Wilkie,* 992 F.3d at 1205 (quoting *Babb*, 140 S. Ct. at 1174.)

Thus, a plaintiff must show that a protected characteristic was a "but-for" cause of differential treatment. As Judge Moody recently noted in a post-*Babb* opinion reaffirming a prior summary judgment ruling, the Supreme Court emphasized at least seven times in its opinion that the statute requires a plaintiff to show that a protected characteristic was a but-for cause of differential treatment. *Durr v. Secretary, Department of Veterans Affairs*, No. 8:17-cv-03045-JSM-AEP (M.D. Fla. Aug. 19, 2021). Because the federal sector provision of Title VII also forbids discrimination "based on" race, gender, national origin and religion, the Eleventh Circuit opinions post-*Babb* have also required a "but-for" causation standard. In the opinion remanding the *Durr* case, the Circuit said "[t[he relevant question is whether the protected characteristic was the but-for cause of *differential treatment*, not whether it was the but-for cause of *the ultimate decision." Durr v. Secretary, Dept. of Veterans Affairs*, 843 Fed. Appx. 246, 247 (11th Cir. 2021) (internal quotations omitted) (emphasis in original). Likewise, in *Malone v. United States Attorney General*, the Circuit affirmed a pre-*Babb* summary judgment ruling because the plaintiff had "not shown that his race was the but-for cause of any differential treatment." No. 20-1257, 2021 WL 2134850, at *5 (11th Cir. May 26, 2021).

As a result, Plaintiff must show that her EEO activity was a but-for cause of differential treatment: in this case, Ms. Burton recommending to the pharmacy service that they deny Plaintiff's AA request.

**Legal Background**

While not exactly on point for the issues in this case, the legal background is important.  No regulation or policy requires that VA employees be given AA to observe depositions in their EEO actions pending in federal court.  But the law does explicitly provide for leave in other circumstances.  Specifically, federal regulations require an agency to provide official time during the EEO administrative process.  29 C.F.R. § 1614.605(b) provides that "If the complainant is an employee of the agency, he or she shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and to respond to agency and EEOC requests for information.

The United States Equal Employment Opportunity Commission Management Directive 110, Chapter 6, § VII(c) (Revised Aug. 5, 2015) states that a complainant is "entitled to a reasonable amount of official time to present the complaint and to respond to agency requests for information, if otherwise on duty," citing 29 C.F.R. § 1614.605(b).[2]  It goes on to define "reasonable" as appropriate under the circumstances, including consideration of the nature and complexity of the complaint, mission of the agency, and the agency's need to have its employees available to perform their normal duties on a regular basis.  *Id.*

No authority exists granting AA to EEO plaintiffs to observe depositions or for any other part of the process once a complaint reaches federal court.  No written

---

[2] Management Directive 110 is available online at: https://www.eeoc.gov/federal-sector/management-directive/management-directive-110.

leave policy at Bay Pines or the VA more generally grants AA to observe federal court depositions.

## Argument

### I.      There was no consistent policy or practice of granting AA to observe depositions at Bay Pines or more generally at the VA.

As a general matter, first-line supervisors decide whether to grant leave.  The written leave policy at Bay Pines states that granting AA generally requires multiple levels of approval.  To the extent that this policy was ever applied to AA for federal court depositions, it was not followed consistently.  The policy states that "other uses of AA" should involve a memo through supervisory channels, suggesting that service chiefs such as Dr. Wilson should be involved.  Ex. Y at 000138.  Nevertheless, Dr. Wilson testified that he was not involved in granting AA to Drs. Trask and Truitt, even though the policy suggests that he should have been.  Rather, Drs. Trask and Truitt's first-line supervisor made that decision.

When one considers EEO plaintiffs from across Florida, the lack of any established policy or practice is even more clear.  In response to Plaintiffs' discovery requests and the magistrate judge's order in this case, defense counsel compared time and leave records with available deposition transcripts and materials.  Of the fourteen plaintiffs who appear to have been working for the VA while their complaints were pending, only two received AA to attend depositions.[3]  *See* Exs. AA

---

[3] Defense counsel gathered materials for EEO plaintiffs from the VA over a five-year period across Florida, using a list provided by Plaintiff and by Courtlink searches.  For approximately 30 cases, counsel reviewed the complaints for indications as to the plaintiffs'

& BB.  Four others used annual leave to attend depositions, including two who used annual leave to attend their own depositions.  *See* Exs. CC-JJ.

## II.   To the extent supervisors sought legal advice, they were given consistent answers: plaintiffs are not entitled to AA to observe depositions.

Plaintiff cites several individuals who were granted AA to attend depositions prior to Plaintiff.  In each case, there is no evidence that an attorney (Ms. Burton, Ms. McCallum, or anyone else) was asked for or gave legal advice.  Each time an attorney was asked – the answer was the same: individuals are not entitled to AA to attend depositions taken by their counsel for cases pending in federal district court.   In addition, the fact that everyone who asked for AA to attend depositions taken by their counsel also engaged in EEO activity undermines any argument that EEO activity was a but-for cause of the differential treatment regarding AA leave.  In other words, all plaintiffs who sought AA to attend depositions for their federal EEO cases had necessarily engaged in the protected activity of filing EEO actions, whether they ultimately received AA or not.

EEO activity could not possibly be a but-for cause of differential treatment.

VA employees who raise EEO complaints are entitled to a "reasonable" amount of AA to prepare their complaints and respond to requests for information at the administrative level.  *See* 29 C.F.R. § 1614.605 and Management Directive 110.  It is undisputed that Plaintiff and others were given AA to appear for their own depositions

---

employment status, determined the discovery time period, and reviewed time and leave records for the discovery period.

in federal civil cases.  But no such regulation or VA policy entitles VA employees to AA to observe depositions or for any other part of EEO cases in federal court.

**III.   Plaintiff's denial of AA was not retaliatory.**

With no factual evidence to support her claim, Plaintiff argues that she was denied AA to observe depositions in her federal civil action in retaliation for her prior protected activity.  Plaintiff speculates that Ms. Burton, seeking to retaliate, sought legal advice in response to Dr. Combs's request so that Ms. Burton could indirectly deny Plaintiff AA.  This attenuated theory is complicated by the fact that Ms. McCallum's legal advice has been the same whenever she has been asked this question during her 30 years at the VA. Furthermore, Ms. McCallum was not given any background about Plaintiff's prior EEO activity or any prior instances regarding leave for depositions at Bay Pines, but she would have given the same advice even if she had additional info.  Ex. J.

As a general matter, there is some variation inherent in leave decisions because individual leave decisions are made by first-line supervisors.  First-line supervisors may not appreciate the difference between the more common administrative process, where AA should be granted pursuant to 29 C.F.R. § 1614.605, and the federal litigation process, for which no authority exists to authorize official time.   Or, first-line supervisors may simply wish to avoid a conflict with someone who has filed an EEO and grant the leave. Unless they were specifically asked or told, attorneys such as Ms. Burton or service chiefs such as Dr. Wilson would not know what kind of leave a plaintiff had requested or was granted to attend depositions.  With leave decisions in

the hands of individual supervisors, we can only speculate why certain managers granted AA in similar circumstances.   However, after seeking legal advice, AA requests in these circumstances were consistently denied.

WHEREFORE, with no evidence that EEO activity was a but-for cause of differential treatment, the Defendant respectfully requests that this Court enter summary judgment in its favor.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     */s/ Mamie V. Wise*
MAMIE V. WISE
Assistant United States Attorney
Florida Bar No. 65570
MICHAEL R. KENNETH
Assistant United States Attorney
Florida Bar No. 0044341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6200
E-mail: mamie.wise@usdoj.gov
michael.kenneth@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all registered users in this case.

/s/ <i>Mamie V. Wise</i>

MAMIE V. WISE
Assistant United States Attorney