## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NORIS BABB,**

      **Plaintiff,**

**v.**                                                    **Case No: 8:20-cv-2825-MSS-CPT**

**ROBERT WILKES,**

      **Defendant.**

_____

### <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Objection to Magistrate's Order RE Discovery, (Dkt. 68) and Defendant's response in opposition thereto. (Dkt. 69) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **AFFIRMS** Judge Tuite's Order. (Dkt. 65)

A District Judge reviews a Magistrate Judge's non-dispositive order for clear error in fact or for a violation of law. <u>See</u> <u>Univ. of Ga. Athletic Ass'n v. Laite</u>, 756 F.2d 1535, 1543 (11th Cir. 1985); <u>TemPay, Inc. v. Biltres Staffing of Tampa Bay</u>, LLC, 929 F. Supp. 2d 1255, 1259–60 (M.D. Fla. 2013). Further, Federal Rule of Civil Procedure 72 (a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. ***The district judge in the case***

> *must consider timely objections and modify or set aside any part of the*
> *order that is clearly erroneous or is contrary to law.*

FED. R. CIV. P. 72(a) (emphasis added). A finding is clearly erroneous when, although

there is evidence to support it, the reviewing court upon reviewing the entirety of the

evidence is left with the definite and firm conviction that a mistake has been

committed. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).

This standard does not entitle a reviewing court to reverse a finding simply because it

would have decided the matter differently. Id. Further, an order is contrary to law

"when it fails to apply or misapplies relevant statutes, case law or rules of procedure."

TemPay, Inc., 929 F. Supp. 2d at 1260.

On July 7, 2022, United States Magistrate Judge Christopher P. Tuite entered

an Order, (Dkt. 65), that granted in part and denied in part Plaintiff's Renewed Motion

to Compel Discovery and Request to Extend Discovery. (Dkt. 42) Judge Tuite

specifically ordered the government *inter alia* to "produce the requested leave records

for [] VA facilities located in Florida for the period February 2013 [through] and

including February 2018." (Dkt. 65) Judge Tuite's Order also incorporated therein

several conclusions from the June 30, 2022 hearing on Plaintiff's Renewed Motion to

Compel Discovery and Request to Extend Discovery Cut-Off. (Id.)

Judge Tuite incorporated two conclusions of particular importance. First, Judge

Tuite concluded that Plaintiff was entitled only to administrative absence or leave

records (collectively, "AA records") for a five (5) year period from February 2013 to

February 2018, for reasons consistent with those articulated by the court in Richards

v. City of Atlanta, No. 1:19-cv-03963, 2021 WL 3056851, at *6 (N.D. Ga. Jan. 15, 2021). Second, Judge Tuite concluded that Plaintiff raised an untimely objection to the Defendant's production of Deborah McCallum as a Rule 30(b)(6) during discovery. Judge Tuite further concluded that notwithstanding the untimeliness of Plaintiff's objection, Ms. McCallum was experienced and competent to provide her testimony under the Federal Rules. To support this conclusion, Judge Tuite cited SEC v. Complete Bus. Sols. Grp., Inc., No. 9:20-cv-81205, 2021 WL 4991303, at *3 (S.D. Fla. Oct. 20, 2021).

Plaintiff makes two arguments in her objection to the Magistrate Judge's conclusions. (Dkt. 68) First, Plaintiff contends that the Magistrate Judge erred when he "applied a proportionality [standard] and limited [Plaintiff's] request from the 14 years sought, to 5 years." (Id. at 12). Second, Plaintiff contends that the Magistrate Judge erred when he denied Plaintiff's request that the Defendant produce a proper Rule 30(b)(6) witness in lieu of Ms. Deborah McCallum. (Id. at 15-16) The Defendant's response argues that Plaintiff's objections should be overruled for the following three principal reasons: (i) Plaintiff failed to demonstrate how the Magistrate Judge's findings are clearly erroneous or contrary to law; (ii) Plaintiff's request for nine additional years of documents would be cumulative and undermine Plaintiff's theory that an unwritten policy or practice exists; and (iii) Plaintiff's challenge to the production of Ms. McCallum is untimely. (Dkt. 69)

On review, the Court is of the opinion that the Magistrate's Order should be **AFFIRMED**. The Magistrate Judge correctly concluded that the AA records in this

case are relevant to Plaintiff's retaliation claim. <u>Akridge v. Alfa Mut. Ins. Co.</u>, 1 F.4th 1271, 1278 (11th Cir. 2021). The Magistrate Judge also correctly limited the proportionality of the discovery sought by Plaintiff. <u>See</u> <u>Richards</u>, 2021 WL 3056851, at *6 (citing <u>Adkins v. Christie</u>, 488 F.3d 1324, 1331 (11th Cir. 2007)).

Therefore, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's Order limiting the temporal scope of discovery. The Court does, however, find that Plaintiff may renew her challenge to the limited discovery period if, after reviewing the documents produced by Defendant, it can be shown that additional discovery is needed. The Court **OVERRULES** Plaintiff's remaining objections, as those arguments were properly disposed of by the Magistrate Judge, consistent with binding law and the applicable standard of review. Therefore, Judge Tuite's Order is due to be **AFFIRMED**.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Objection to the Magistrate's Order, (Dkt. 68), is **OVERRULED**.

2. The Magistrate Judge's Order on Plaintiff's Renewed Motion to Compel Discovery and Request to Extend Discovery, (Dkt. 65), is **AFFIRMED**.

3. Defendant shall complete production of the additional documents by September 30, 2022.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of September 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person