UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NORIS BABB**
    Plaintiff,

v.                                             Case No.: 8:20-cv-2825-MSS-CPT

**DENIS McDONOUGH, Secretary,**
**DEPARTMENT OF VETERANS AFFAIRS,**
    Defendant.
_____/

### PLAINTIFF'S NOTICE OF CORRECTIONS TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT

    Plaintiff, Noris Babb, by and through her undersigned attorneys, hereby files corrections to her Response to Defendant's Motion for Summary Judgment (Dkt. 72) with explanations in each paragraph.

    1.    On page 6 of Docket 72, ¶Q, it should be noted that ¶36 is only one sentence. Therefore, the sentence should read: Paragraph 36 is accurate, but it leaves out that 109 days of AA were taken by the plaintiffs. See ¶7, infra.

    2.    The paragraph numbers in ¶S on page 7 were partially inverted and the footnote was intended to apply to paragraphs 40, 43, 46, 49, 51, and 52. Paragraph S should read: Paragraphs 37, 38, 39, 41, 42, 44, 45, 47, 48, 50 and 51 are all admitted,

1

but paragraphs 40, 43, 46, 49, 51, and 52 cannot be accepted as true given false exculpatory statements that Burton has already made in this case.[5]

3. There are also corrections in ¶T on page 7. Only paragraph 53 has three sentences. It should read: The facts contained in paragraph 52 are accurate and for paragraphs 53 and 54 we would admit the first sentence. With regard to the second sentence of ¶53, Wilson so testified and that would follow if approval was delegated to lower-level supervisors. With regard to the third sentence of ¶53, he was aware of AA use. With regard to the second sentence of ¶54, he made false exculpatory statements of knowledge in Babb's underlying case. Civil Case No. 8:14-cv-01732-VMC-TBM; Dkt.127p21-26/41. The rest is a jury question. If one looks at Exhibits B and C, neither Burton or Kenneth went through the normal channels, but they told Truitt and Trask's supervisors that they could not give AA. *Id.* Wilson knew of it and likely told supervisors. Ex.Ep26:7-24. ¶U. Paragraph 55 is not a complete description.

4. Paragraphs 56 and 57 are admitted, but the "See ¶8 *infra,* p.11" should have followed that statement.

5. We regret any inconvenience.

Respectfully submitted,

*/s/ Joseph D. Magri*
Joseph D. Magri
Merkle & Magri, P.A.
Florida Bar No. 0814490
5601 Mariner Street, Suite 400

---

[5] *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1163-64 (11th Cir. 1993).

Tampa, FL 33609
Telephone: 813-281-9000
Facsimile: 813-281-2223
Email: jmagri@merklemagri.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger B. Handberg
United States Attorney
Mamie V. Wise
Assistant United States Attorney
Florida Bar No. 65570
Michael Kenneth
Florida Bar No.: 44341
Assistant United States Attorney
400 North Tampa St., Ste. 3200
Tampa, Florida 33602
Tel: 813/274-6000
Fax: 813/274-6198
Email: mamie.wise@usdoj.gov
Email: michael.kenneth@usdoj.gov
Attorneys for Defendant

                                                */s/ Joseph D. Magri*
                                                Joseph D. Magri