UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NORIS BABB,**

    **Plaintiff,**

v.                                                     Case No: 8:20-cv-2825-MSS-CPT

**ROBERT WILKES,**

    **Defendant.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Summary Judgment, (Dkt. 71), Plaintiff's response in opposition thereto, (Dkt. 72), Defendant's reply in support, (Dkt. 76), and Plaintiff's surreply. (Dkt. 80) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

**A. Factual Background**

Plaintiff, Noris D. Babb, has worked as a Pharmacist for the Department of Veteran Affairs ("VA")[1] for eight years. (Dkt. 77 at ¶ 1; Dkt. 1 at ¶ 6) During Plaintiff's employment, she presented statements or testified in Equal Employment Opportunity ("EEO") proceedings to support allegations of discrimination made by Drs. Anita

---

[1] Where the term "VA" is used herein, the Court intends to specifically reference the Bay Pines VA Health Care System, unless otherwise noted.

1

Truitt and Donna Trask. (Dkt. 77 at ¶ 2) Drs. Anita Truitt and Donna Trask, as VA employees, alleged they were discrimination against the VA at some point between 2012 and 2014. (Id.) Drs. Truitt and Trask received seven (7) days' worth of authorized absences (hereinafter, "AA leave")[2] to attend depositions related to their case captioned: Trask, et al. v. Sec'y, Dep't of Veterans Affs., No. 8:13-cv-00536-MSS-TBM (M.D. Fla. Feb. 26, 2013). (Dkt. 77 at ¶ 25)

On July 17, 2014, Plaintiff filed a Title VII action alleging employment discrimination against the VA for retaliation, gender, and age discrimination, hostile work environment, and injunctive relief (hereinafter, the "2014 action"). (Dkt. 77 at ¶ 3)[3] During discovery in the 2014 action, Plaintiff gave a deposition and received an authorized absence. (Dkt. 77 at ¶ 4)

Plaintiff also discovered that other employees involved in separate federal cases against the VA received AA leave to attend depositions taken by their counsel: Fielder et al. v. Peake, No. 8:07-cv-01524-TBM (M.D. Fla. Mar. 29, 2010), sub nom. Cote et al. v. Peake, No. 8:07-cv-01524-TBM (M.D. Fla. Aug. 27, 2007); Baroudi v. Shinseki, No. 8:11-cv-02587-MSS-TBM (M.D. Fla. Nov. 18, 2011); Baroudi v. Shinseki, No. 8:14-cv-01099-JSM-TBM (M.D. Fla. May 9, 2014); Patrick v. Shinseki, No. 8:11-cv-00466-MSS-AEP (M.D. Fla. Mar. 4, 2011); Mells v. Shinseki, No. 8:13-cv-03214-JSM-TGW (M.D. Fla. Dec. 23, 2013); Body v. Sec'y, Dep't of Veterans Affs., No.

---

[2] Where the Court references "AA leave" herein, this term collectively refers to authorized absences, official time, administrative, and court leave.
[3] See Babb v. Gibson, No. 8:14-cv-01732-VMC-TBM (M.D. Fla. July 17, 2014).

2

8:13-cv-01215-VMC-TGW (M.D. Fla. May 7, 2013); Trimble v. Shinseki, No. 8:13-cv-00548-MSS-TBM (M.D. Fla. Feb. 27, 2013); Byrd v. McDonald, No. 1:14-cv-00093-MW-GRJ (N.D. Fla. May 14, 2014); Johnson v. McDonald, No. 4:16-cv-00420-RH-CAS (N.D. Fla. July 11, 2016); Tonkyro et al. v. McDonald et al., No. 8:16-cv-02419-CEH-AEP (M.D. Fla. Aug. 23, 2016); McLain v. Shulkin, No. 8:17-cv-01283-WFJ-CPT (M.D. Fla. May 30, 2017); Bell v. Wilkie, No. 8:20-cv-01274-VMC-CPT (M.D. Fla. June 3, 2020). But the plaintiff in Sly v. Wilkie, No. 8:17-cv-01868-AAS (M.D. Fla. Aug. 7, 2017) was denied AA leave, after it was previously approved.[4] (Dkt. 71 at ¶ 56; Dkt. 72 at 7; Dkt. 72-3 at 1-5)

Tanya Burton, as a staff attorney in the Office of General Counsel for the Bay Pines VA Health Care System, acted as agency counsel in Trimble, Trask, Baroudi, Mells, and Body.[5] (Dkt. 77 at ¶ ¶ 10, 18, 20, 22, 24, 26 and Dkt. 71 at ¶ 30, 51) Ms. Burton is stationed at the VA. (Dkt. 77 at ¶ 10). Ms. Burton testified at her deposition that she could not recall the leave status for plaintiffs in the Trimble, Trask, Baroudi, Mells, and Body cases. (Dkt. 71 at ¶ ¶ 40, 43, 46, 49, 52; Dkt. 72 at 7)

On December 1, 2020, Plaintiff commenced the instant action against Robert Wilkes, in his official capacity as Secretary of the Department of Veterans Affairs, (hereinafter, the "Secretary") alleging the VA discriminated against her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Dkt. 1) The gravamen of this

---

[4] The Parties concede the existence of federal plaintiffs that did not receive AA leave, but the Parties also concede that in those cases no evidence reflects that a request for AA leave was ever made.
[5] Ms. Burton was not agency counsel in Fielder. (Dkt. 71 at ¶ 37; Dkt. 72 at 7).

claim is Plaintiff's contention that the VA retaliated against her based on her previous EEO activity when the VA required that Plaintiff use annual ("AL") leave in lieu of AA leave to attend depositions associated with her federal case, notwithstanding (i) the VA's written policy and (ii) historic practice of authorizing a litigant to take AA leave to attend depositions. The Parties have agreed to certain foundational facts, but the Parties dispute the timeline of events.

Notwithstanding the myriad disagreements as to the timeline and chain of command on the matter, Plaintiff was ultimately advised that "based on guidance from the VA", she should use Annual leave. (Dkt. 77 at ¶ 12; Dkt. 71-1 at 89) Plaintiff then entered her leave request under the AL category. (Dkt. 77 at ¶ 13; Dkt. 71-1 at 89) Plaintiff estimates that she lost $1,500.00 from using AL in lieu of AA leave. (Dkt. 77 at ¶ 38)

### B. Procedural Posture

On March 22, 2016, Plaintiff contacted an EEO counselor. (Dkt. 77 at ¶ 30) Plaintiff filed a formal complaint of discrimination with the Agency on April 27, 2016. (Dkt. 77 at ¶ 31) During the administrative stage of this case, Plaintiff identified Robert Stewart, Marjorie Howard, Keri Justice, Gary Wilson, and Camaro West-Lee, as employees who were allowed to attend depositions without having to use annual leave. (Dkt. 71 at ¶ 30; Dkt. 72 at 6) The Agency dismissed Plaintiff's complaint on June 21, 2016. (Dkt. 72-4 at 81-82) Plaintiff timely appealed the Agency's decision. (Dkt. 77 at ¶ 31) On November 22, 2016, the EEOC rejected the Agency's decision finding "the official time language in 29 C.F.R. § 1614.605 and EEO MD-110 only

appl[ies] to the EEO administrative process, . . . not to civil action proceedings in courts." (Dkt. 72-4 at 72) Plaintiff's EEO complaint was accepted for investigation on December 2, 2016. (Dkt. 72-4 at 92)

Plaintiff initiated the instant lawsuit on December 1, 2020 against the Secretary, asserting one cause of action for retaliation under Title VII. (Dkt. 1)

## II.     LEGAL STANDARD

Summary judgment is appropriate where the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or highlighting to the Court that no evidence supports the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial.

5

Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." FED. R. CIV. P. 56(e).

### III.  DISCUSSION

On August 19, 2022, the Secretary moved for summary judgment, contending that Plaintiff has failed to prove that her EEO activity was the "but-for cause" of her differential treatment. (Dkt. 71) The Secretary makes three arguments in support of its position. First, the Secretary argues that it is entitled to summary judgment because Plaintiff has failed to prove Bay Pines maintained a policy of granting AA leave to federal litigants, or, if any such policy exists, that the policy was consistently maintained. (Id. at 15-16) Second, the Secretary argues it is entitled to summary judgment because AA leave was denied each time that a supervisor sought legal advice from attorney. (Id. at 16-17) Third, the Secretary argues it is entitled to summary judgment because Plaintiff has offered no factual evidence to support her theory that Ms. Burton sought to retaliate against Plaintiff by denying the AA leave request. (Id. at 17-18)

6

Under Title VII, a plaintiff will establish their prima facie case of retaliation if he or she can show: "(1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994) (citations omitted). Ordinarily, after a plaintiff has established her prima facie case, the defendant-employer would respond with a "legitimate, non-discriminatory reason" for the adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973)). The defendant-employer's burden is an exceedingly light one. Tipton v. Canadian Imperial Bank of Com., 872 F.2d 1491, 1495 (11th Cir. 1989) (citation omitted). If the defendant-employer articulates some legitimate, nondiscriminatory reason for the adverse employment action, then the employee must have a chance to demonstrate that the employer's reason is pretextual. Id.

Title VII's anti-retaliation provision contains a participation and an opposition clause. See Howard v. Walgreen Co., 605 F.3d 1239, 1244 n.4 (11th Cir. 2010) (citing 42 U.S.C. § 2000e-3(a)). A plaintiff engages in statutorily protected activity under the participation clause if she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. See 42 U.S.C. § 2000e-3(a). A plaintiff engages in statutorily protected activity under the opposition clause if she "has opposed any practice made an unlawful employment practice" under Title VII. Id.

Here, Plaintiff's claim is based on the participation clause. The first two elements of Plaintiff's retaliation claim appear to be undisputed as neither party has briefed those elements. Thus, the Court assumes without deciding that the first two elements are met.

### A. Causal Connection

To show a causal connection, a plaintiff must prove "the protected activity played some part in the way the decision was made." Bell v. McDonough, No. 8:20-cv-1274-VMC-CPT, 2022 WL 485224, at *8 (M.D. Fla. Feb. 17, 2022) (citing Tonkyro v. Sec'y, Dep't of Veterans Affs., 995 F.3d 828, 835 (11th Cir. 2021)). This change is largely based on, as the Eleventh Circuit acknowledged, the Supreme Court's implied abandonment of the *McDonnell Douglas* burden shifting framework for ADEA retaliation claims in Babb v. Wilkie, 140 S.Ct 1168 (2020). See Babb v. Sec'y, Dep't of Veterans Affs, 992 F.3d 1193, 1204 (11th Cir. 2021) ("it seems that the Supreme Court accepted Babb's argument 'that the District Court should not have used the *McDonnell Douglas* framework.'").

As a result, the Eleventh Circuit in Babb v. Sec'y, Dep't of Veterans Affs, 992 F.3d 1193 (11th Cir. 2021), re-evaluated its prior precedent on causation in Title VII cases and concluded that Trask v. Sec'y, Dep't of Veterans Affs, 822 F.3d 1179 (11th Cir. 2016) was abrogated. The Eleventh Circuit determined Trask was abrogated by Babb v. Wilkie, 140 S.Ct 1168 (2020), because Congress chose to enact twin statutes and the ADEA's phrase "personnel actions ... shall be made free from any discrimination based on" must also control in Title VII cases. See Babb, 992 F.3d at

1203-04. District courts are thus now required to assess whether a protected characteristic was a but-for cause of the differential treatment and not necessarily a but-for cause of a personnel action itself. Id. at 1173-74.

### B. Plaintiff's EEO Activity and Leave Determination

Here, the Secretary argues that he is entitled to summary judgment because Plaintiff cannot demonstrate her EEO activity was a but-for cause of Ms. Burton recommending to the pharmacy service that they deny Plaintiff's AA leave request. (Dkt. 71 at 13) The Secretary argues Plaintiff cannot make this showing because the VA's leave policy requires multiple levels of approval and that policy has not been consistently applied to AA leave. The Secretary adds that at times the policy suggests that a supervisor or service chief should be involved, whereas in other instances, an attorney either should be or was to be involved. The Secretary then explains that first line supervisors often lack the ability to appreciate differences between the administrative process and federal litigation. As a result, differing results have emerged in AA leave determinations. The Secretary concludes that the Parties are only left to speculate why certain managers irregularly granted AA leave, which is unlike the practice of VA attorneys who consistently denied AA leave.

The Court disagrees with the Secretary's characterization of the issue. The appropriate question for the Court is whether the Secretary has proved that no evidence exists to support a finding that Plaintiff's prior EEO activity played a part in the VA's decision to deny her AA leave request. See Bell, 2022 WL 485224, at *8; Tonkyro, 995 F.3d at 835.

9

Plaintiff claims that before she engaged in prior EEO activity, the Bay Pines VA had a written policy and historic practice of granting AA leave to attend depositions. Plaintiff contends that after she engaged in EEO activity, the VA retaliated against her by changing its historic practice and interpretation of the 2012 policy to deny AA leave granted to plaintiffs in federal litigation.

Plaintiff has offered the leave records of various plaintiffs involved in cases against the VA before February 9, 2015,[6] all of whom received AA leave to attend depositions or other court related events. (Dkt. 72-6 at 1-3, 8-11, 16-19, 23-26, 29-31, 39, 44, 51-53, 61-63, 74-77, 82-84) The Secretary has not countered Plaintiff's evidence with a single case predating February 9, 2015, when any plaintiff suing the VA was denied AA leave.[7] Instead, the Secretary asks for summary judgment by citing cases that involved AA leave requests made on or after February 9, 2015, which were either denied by VA attorneys or irregularly granted by first line supervisors. The Secretary is not entitled to summary judgment because those cases have no bearing on the question at bar.

In fact, the Court finds that Plaintiff has offered evidence to demonstrate that before February 9, 2015, AA leave requests were granted without fail, but at some

---

[6] The Court uses February 9, 2015 as the triggering date because this corresponds to the record date in which the VA issued its first denial of an AA leave request. See Dkt. 71-2 at 29-52; 50-1 at 13-16.

[7] The VA offers a single leave record from Renee Momon-Ugwu who took Annual Leave in 2013, but the VA does not provide any evidence that Renee first requested AA leave and that request was later denied.

point between Plaintiff's EEO activity and February 9, 2015, something happened to cause AA leave requests made thereafter to be either denied or granted inconsistently.

Plaintiff also offers as support for her theory, the VA's 2012 leave policy ("2012 leave policy"), that states: "[s]upervisors of employees in bargaining unit positions will familiarize themselves and apply, where appropriate, the provisions of the applicable negotiated agreements in addition to and in harmony with the provisions of this policy statement." (Dkt. 71-2 at 61-67; Dkt. 72-2 at 13-19) Within the 2012 leave policy, supervisors are "responsible for the proper administration of the leave and absence policies" by "ensuring that subordinate supervisors are properly trained in their responsibilities." (Dkt. 71-2 at 62; Dkt. 72-2 at 14) Should a supervisor need guidance on leave determinations, the 2012 leave policy identifies the Human Resources Officer and Fiscal Officer as the responsible entities to provide advice and guidance. (Dkt. 71-2 at 62; Dkt. 72-2 at 14)

The 2012 leave policy does not expressly state that AA leave can be taken for federal litigation, but it does list "Other Uses [o]f Authorized Absences" as the last category of authorized absence leave in Appendix A. (Dkt. 71-2 at 71; Dkt. 72-2 at 23) The category titled "Other Uses [o]f Authorized Absences" requires that an employee send a memo through supervisory channels, HRMS, and ELR to seek approval. (Dkt. 71-2 at 71; Dkt. 72-2 at 23) But that category's plain language does not expressly foreclose the idea that AA leave can be used for federal litigation. Nor does this category expressly require that an employee receive approval, review, or guidance from the VA's agency counsel or attorney advisor. Moreover, Plaintiff has shown

11

through record evidence that before 2015, neither VA agency counsel nor attorney advisors participated in AA leave decisions.

Plaintiff has also shown that Dr. Wilson and Ms. Burton were aware of Plaintiff's prior EEO activity at the time that Plaintiff's AA leave request was considered. (Dkt. 71-1 at 76; Dkt 72-4 at 120; Babb v. Gibson, No. 8:14-cv-1732-VMC-TBM, E.C.F. No. 68-4 at 71-73 (M.D. Fla. July 17, 2014)). As such, the Court finds that, a genuine issue of material fact exists as to whether Plaintiff's prior EEO activity played a part in the VA's decision to deny Plaintiff's AA leave request. Such an issue is a factual issue and must be determined by a jury.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment, (Dkt. 71), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of March 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person